**NOT FOR PUBLICATION**            **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASPAR GABRIELYAN,<br><br>          Plaintiff,<br><br>v.<br><br>S.O. ROSE APARTMENTS LLC *et al.*,<br><br>          Defendants. | Civil Action No.: 15-cv-1771 (CCC-MF)<br><br>**OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court upon the Joint Motion of Plaintiff Kaspar Gabrielyan ("Plaintiff") and Defendants S.O. Rose Apartments LLC, Village Court Apartments LLC, and Tuli Realty LLC (collectively, "Defendants") to approve the parties' settlement. ECF No. 18. The Court did not hear oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, the motion is granted.

## II. BACKGROUND

On March 10, 2015, Plaintiff brought the instant action against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and for violations of the analogous state statute, the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a, *et seq.* See generally Compl., ECF No. 1. In addition, Plaintiff brought a common law conversion claim. Id. at ¶ 63.

The Complaint alleges that the Defendants willfully violated the FLSA and NJWHL by failing to pay Plaintiff for all overtime hours worked. Id. at ¶¶ 40, 60. On April 20, 2015,

1

Defendants answered the Complaint, denying all material factual allegations. See generally Answer, ECF No. 13. The parties then began settlement discussions and, on May 14, 2015, Defendants filed a notice of settlement and proposed plan for the Court's approval. ECF No. 16. On June 22, 2015, the parties jointly moved for approval of the settlement agreement, attaching a copy of the settlement agreement and general release ("Settlement Agreement"), and a letter describing the Settlement Agreement ("Settlement Statement"). ECF No. 18. Following the Court's approval of the proposed settlement agreement, Plaintiff has agreed to file a stipulation of dismissal with prejudice. (Settlement Agreement ¶ 7.)

## III. LEGAL STANDARD

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241 (3d Cir. 2014) (quoting Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1527 (2013)). If employers violate the FLSA's minimum wage and overtime provisions, codified at 29 U.S.C. §§ 206 and 207, respectively, employers may be liable to affected employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Id. (citing 29 U.S.C. § 216(b)).

District courts in the Third Circuit have held that FLSA claims can be settled in two ways: (1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b). See Bredbenner v. Liberty Travel, Inc., Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015); Brumley v. Camin Cargo Control,

Inc., Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *1 (D.N.J. Mar. 26, 2012). As to the requirements for settlement approval, district courts in the Third Circuit have held that the court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Brumley, 2012 WL 1019337, at *2 (quoting Lynn's Food, 679 F.2d at 1354); see also In re Chickie's & Pete's Wage & Hour Litig., No. 12-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014); Cuttic v. Crozer-Chester Med. Ctr., 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012); Bredbenner, 2011 WL 1344745, at *18.

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." Chickie's, 2014 WL 911718, at *2 (quoting Lynn's Food, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA. See Singleton v. First Student Mgmt. LLC, No. 13-1744, 2014 WL 3865853, at *8 (D.N.J. Aug. 6, 2014); Chickie's, 2014 WL 911718, at *2; Brumley, 2012 WL 1019337, at *4.

Thus, in determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. First, the court must determine that the settlement concerns a bona fide dispute. Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine that the agreement does not frustrate the implementation of the FLSA in the workplace.

## IV. DISCUSSION[1]

The Court approves the parties' settlement because the compromise reached (1) resolves a bona fide dispute over FLSA provisions, (2) is fair and reasonable to Plaintiff, and (3) does not frustrate the implementation of the FLSA.

First, there is a bona fide dispute between the parties. The dispute concerns whether Plaintiff is a covered person under the FLSA. Defendants allege that Plaintiff is exempt from FLSA coverage and therefore not entitled to overtime wages. Plaintiff alleges that he is not exempt from FLSA coverage and therefore entitled to overtime wages. Plaintiff's Complaint raises fact-dependent allegations under both state and federal laws. In their Answer, Defendants deny all material factual allegations. In their Settlement Statement, "Defendants maintain Plaintiff is not entitled to any overtime pay because he was engaged in exempt work, as it is defined by the federal and state laws." (Settlement Statement at 2.) For these reasons, there is a bona fide dispute between the parties.

Second, the settlement agreement is fair and reasonable to Plaintiff. It appears that Plaintiff is being fully compensated for his alleged overtime hours and is receiving an equivalent sum in liquidated damages. Plaintiff asserts that he averaged about seven hours of overtime per week, which amounts to approximately $2,200 in claimed back wages. (Settlement Statement at 2.) Under the agreement, Defendants will pay Plaintiff $2,312 for unpaid wages and $2,312 for liquidated damages. (Settlement Agreement ¶ 1.) In addition, Defendants will pay $2,876 to

---

[1] The parties have not requested approval of the settlement as it pertains to Plaintiff's state law claims under the NJWHL or Plaintiff's common law conversion claim, as court approval of a settlement of those claims is not required. See Weismantle v. Jali, No. 13-1087, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) (noting that although parties seek approval of the settlement of FLSA claims, their parallel state law claims "do not appear to require any sort of Court approval to be lawfully settled"). As such, this opinion only discusses the settlement as it pertains to Plaintiff's FLSA claims.

Plaintiff's counsel as an award for attorneys' fees and expenses. Id. Thus, the settlement agreement is fair and reasonable.

Third, the settlement agreement does not frustrate the purposes of the FLSA. Defendants continue to deny liability. (Settlement Agreement ¶ 4 ("The Parties acknowledge that Defendants have consistently denied, and continue to deny, any and all allegations of wrongdoing.")) Thus, resolution of these claims through trial would be expensive and difficult for Plaintiff. As discussed above, there is a bona fide dispute between the parties and the compromise reached is fair and reasonable. Thus, resolution of these claims through settlement resolves a bona fide dispute without violation of the purposes of the FLSA.

## V.   CONCLUSION

For the reasons above, the Court grants the parties' motion to approve the settlement. An appropriate Order accompanies this Opinion.

DATED: October 5, 2015

_____
CLAIRE C. CECCHI, U.S.D.J.